**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No. 18-45284 (nhl) |
| Debtors.[1] | Jointly Administered |

## FINAL ORDER AUTHORIZING AND DIRECTING DEBTORS TO PAY PACA VENDOR CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order to fully pay prepetition amounts owed for (i) sales tax and (ii) vendors operating under the Perishable Agricultural Commodities Act ("PACA") (collectively, the "Tax and PACA Claims") *[ECF No. 8] (CEC)*; all as more fully set forth in the Motion; and upon the Declaration and Amended Declaration of Joel Getzler (the "First Day Declarations"); ***and the Court having entered an Order authorizing, but not directing the Debtors to pay the Tax and PACA Claims [ECF No. 20]; and holders of certain PACA Claims having filed an Emergency Motion for Immediate Allowance and Payment of PACA Claims [ECF No. 84] (the "PACA Claimants' Motion") (CEC);*** and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference" of the United States District Court for the Eastern District of New York dated August 28, 1986, as amended by Order dated December 5, 2012 (Craig, C.J.); and the Court having found

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "Debtors"). The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

[2] Capitalized terms used in this Order and not defined have the meanings given to such terms in the Motion or in the First Day Declarations as applicable.

that venue of this ~~proceeding and the Motion~~ ***case (CEC)*** in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that the ~~Debtors'~~ ***(CEC)*** notice of the Motion ***and the PACA Claimants' Motion (CEC)*** and opportunity for a hearing on ~~the Motion~~ ***those motions (CEC)*** were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion ***and the PACA Claimants' Motion (CEC)*** and having heard the statements in support of the relief requested therein and any objections thereto at a hearing before the Court on October 17, 2018 (the "Hearing"), and having determined that the legal and factual bases set forth in the Motion ***and the PACA Claimants' Motion (CEC)*** and at the Hearing establish just cause for the relief granted herein; and upon the record of the Court's docket and the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that:

1. The ~~Motion~~ ***PACA Claimants' Motion (CEC)*** is granted to the extent set forth herein, ***and the Order authorizing, but not directing the Debtors to pay the Tax and PACA Claims [ECF No. 20] is modified to the extent set forth herein (CEC)***.

2. The Debtors are authorized and directed to escrow $590,000.00 (the "PACA Escrow") for the sole and exclusive benefit of Debtors' unpaid creditors having claims arising under the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2) (the "PACA Vendors"), and for the payment of such claims (the "PACA Claims"). In the event the PACA Escrow is insufficient to satisfy all PACA Claims of PACA Vendors, the Debtors shall escrow sufficient funds up to the amount of their unpaid PACA Claims. In the event there are insufficient funds to pay PACA Claims in full, PACA Vendors reserve all rights and claims with respect to the Debtors, third party recipients of assets impressed with the PACA trust, and persons in control over assets impressed with the PACA

trust. In the event the PACA Escrow exceeds the amount of all PACA Claims after reconciliation and payment of all claims, and a determination of any contested PACA claims, as defined below, the funds contained in the escrow shall be returned to the Debtors' estates.

3. The Debtors, in consultation with the Creditors' Committee, are authorized and directed to review, reconcile, and pay PACA Claims of PACA Vendors which have been allowed by Court order or agreement between the parties within 30 days of receipt of the PACA Vendor's documentation substantiating its PACA Claim, which shall be submitted to Debtors' counsel and Creditors' Committee's counsel within 10 days of the entry of this Order.

4. Any party that accepts payment from the Debtors on account of a PACA Claim shall be deemed to have agreed to the terms and provisions of this Order.

5. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims (the "Contested PACA Claims"). The Debtors or Creditors' Committee shall, prior to the expiration of the 30 day period set forth in paragraph 3 above, file a Motion to Disallow any Contested PACA Claim. Any such Contested PACA Claims shall be decided by agreement of the Debtors and the PACA Vendor or by Court Order.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments, and all

such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. The ~~Motion to Compel Immediate Allowance and Payment of PACA Trust Claims~~ ***the PACA Claimants' Motion (CEC)*** [ECF No. 84] ~~is hereby denied as moot~~ ***is granted to the extent set forth herein (CEC)*** without prejudice to ~~re-file~~ ***seeking further relief (CEC)*** in the event PACA claims are not paid as set forth herein.

9. The contents of the Motion ***and the PACA Claimants' Motion (CEC)*** satisfy the requirements of Bankruptcy Rule 6003.

10. Notice of the Motion ***and the PACA Claimants' Motion (CEC)*** ~~as provided therein~~ ***(CEC)*** shall be deemed good and sufficient notice of such ~~Motion~~ ***motions (CEC)*** and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



**Dated: Brooklyn, New York**
**October 18, 2018**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**