---

**YOU ARE RECEIVING THE ENCLOSED DOCUMENTS BECAUSE THE CAPTIONED DEBTORS, SEASONS CORPORATE LLC, ET AL., ARE OBJECTING TO YOUR PROOF OF CLAIM.  TO LOCATE YOUR CLAIM, REFER TO SCHEDULE 1 TO EXHIBIT A TO THE OBJECTION. A COPY OF THE PROOF OF CLAIM IS ATTACHED AS EXHIBIT B TO THE OBJECTION**

---

Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

Hearing Date: Dec. 1, 2020
Time:  3:00 p.m.

Objections Due:  Nov. 24. 2020
Time:  5:00 p.m.

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No.:    18-45284 (nhl) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' FIFTH OMNIBUS OBJECTION: TO UNSECURED CLAIMS FILED AGAINST THE DEBTORS THAT ARE AMENDED OR DUPLICATE, SATISFIED, NOT REFLECTED IN THE DEBTORS' BOOKS AND RECORDS, OR REDUCED**

---

[1]  The Debtors in these Chapter 11 cases, together with the last four digits of their federal tax identification numbers, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895), Seasons Property Management LLC (2672) and Seasons Corporate LLC (2266) (collectively the "Debtors").

TO:  **HONORABLE NANCY H. LORD,**
  **UNITED STATES BANKRUPTCY JUDGE:**

Seasons Corporate LLC and its affiliates, as debtors and debtors in possession (the "Debtors"), by and through their attorneys, Zeichner Ellman & Krause LLP, respectfully submit this Sixth omnibus objection to certain unsecured claims (the "Fifth Objection") pursuant to Sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging certain amended and/or duplicate claims (the "Duplicate Claims"); (ii) disallowing and expunging certain claims that have been satisfied, assumed and/or cured (the "Satisfied Claims"); (iii) disallowing and expunging claims not reflected in the Debtors' books and records (the "Records Claims"), or (iv) reducing certain claims (the "Reduced Claims" and, together with the Duplicate Claims, the Satisfied Claims and the Records Claims, the "Disputed Claims"), and in support of this Sixth Objection, the Debtors respectfully state:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Objection are Bankruptcy Code §§ 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1.

## **BACKGROUND**

4.      On September 16, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.[2]  The Debtors operated a chain of kosher supermarkets in New York, New Jersey and Maryland under the "Seasons" name.

5.      On September 18, 2018, the Court entered an Order granting the Debtors' motion for joint administration of their cases and designated Seasons Corporate LLC (18-45284) as the lead case. [Dkt. 19].

6.      The Debtors continue to be in possession of their assets and to manage their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On September 26, 2018, the United States Trustee appointed a Committee of Unsecured Creditors (the "Committee") for the Debtors.

8.      Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the

---

[2]   On November 14, 2018, Seasons Property Management LLC filed its voluntary petition.

filing of their bankruptcy cases, is set forth in detail in the Amended Declaration of Joel

Getzler filed in the Seasons Corporate LLC case [Dkt. 34].

9.      On April 16, 2019, the Court entered an Order Establishing

Deadlines for Proofs of Claim and Approving the Form and Manner of Notice Thereof

(the "Bar Date Order"), which stated in part:

> ORDERED, that except as otherwise provided herein, all
> persons and entities, (including, without limitation,
> individuals, partnerships, corporations, joint ventures,
> trusts and governmental units) that assert a claim, as
> defined in section 101(5) of 11 U.S.C. §§ 101 et seq. (the
> "Bankruptcy Code"), against the Debtors that arose prior
> to the filing of this Chapter 11 petition on September 16,
> 2018, shall file a proof of such claim in writing so that it is
> received **no later** than **5:00 p.m. on June 7, 2019 (the
> "Bar Date")**.

[Dkt. 310].

10.     No trustee or examiner has been appointed in any of the Debtors'

Chapter 11 Cases.

## RELIEF REQUESTED

11.     By this Fifth Objection, and for the reasons described more fully

below, the Debtors object to each of the Disputed Claims pursuant to Sections 105(a) and

502 of the Bankruptcy Code and Bankruptcy Rule 3007.

**BASIS FOR THE RELIEF REQUESTED**

12.     Bankruptcy Code § 502 provides that a debtor may object to the allowance of a proof of claim filed under Bankruptcy Code § 501.

13.     Moreover, Bankruptcy Rule 3007(a) states that:

> [a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing.

14.     As set forth in Bankruptcy Rule 3001(f), a properly-executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under Bankruptcy Code Section 502(a). *See In re Marian T. Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13 (Bankr. S.D.N.Y. 2000).

15.     To receive the benefit of *prima facie* validity, however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (citations omitted).

16.     A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts filed in the claim. *See In re Waterman Steamship Corp.*, 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No.

5

02-13533, 2005 WL 3832065 at *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997) ("The claimant must prove the claim, not sit back while the objector attempts to disprove it.") (citations omitted).

## OBJECTIONS TO CLAIMS

17.      The Debtors are required, under Bankruptcy Code § 704(a)(4), to examine proofs of claim and object to the allowance of any proof of claim that is improper. In furtherance of these duties, prior to this Objection and since the Bar Date, the Debtors' professionals, in conjunction with the Committee's professionals, have examined, analyzed and reconciled the Claims and any supporting documents as maintained by Omni Management Group, Inc., the Court appointed claims agent ("Omni"), against the Debtors' books and records (the "Reconciliation").    The Reconciliation determined that the Disputed Claims set forth on Schedule 1 to Exhibit A should be disallowed or reduced as follows:

(a)      Amended and/or Duplicative Claims.    Certain Disputed Claims were similar, or in most cases, identical to others filed by the same claimant, and/or were claims later amended based on the same asserted amounts. *See, e.g., In re Handy Andy Home Improvement Ctrs., Inc.*¸ 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("it is axiomatic that one cannot recover for the same debt twice"). The Duplicative Claims on Schedule 1 to Exhibit A will be disallowed, with one remaining claim allowed, subject to further review and possible objection on other grounds.

(b)      <u>Satisfied, Assumed and Cured Claims</u>:  Certain Disputed Claims were satisfied, assumed, and/or cured and will therefore be disallowed. The Satisfied Claims on Schedule 1 to Exhibit A will be disallowed.

(c)      <u>Claims not reflected on the Debtors' books and records</u>: The Reconciliation also showed certain claims were not reflected in the review of the Debtors' books and records. The "Records Claims" on Schedule 1 to Exhibit A will be disallowed.

(d)      <u>Claims allowed in a reduced amount</u>: The Reconciliation also showed certain claims should be reduced to a lower amount than in the filed Proof of Claim. The Reduced Claims on Schedule 1 to Exhibit A will be reduced to the amount set forth in the column under the heading "Proposed General Unsecured Amount."

18.      Schedule 1 to Exhibit A also includes a column identifying the claims, if any, remaining on file after the actions taken above.

## **RESERVATION OF RIGHTS**

19.      Without limiting the generality of the foregoing, the Debtors specifically reserve the right to amend this Fifth Objection, file additional papers in support of this Fifth Objection or take other appropriate actions, including to: (i) respond to any allegation or defense that may be raised in a response filed by or on behalf of the claimants or other interested parties; and/or (ii) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation;

and/or (iii) object further to any of the Disputed Claims based on additional information that may be discovered upon further review by the Debtors or through discovery pursuant to the Bankruptcy Rules.

## SEPARATE CONTESTED MATTER

20.    To the extent that a response is filed regarding any Disputed Claim identified in Schedule 1 to Exhibit A, and the Debtors are unable to otherwise resolve the claim, each such claim, and the objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding any individual objection asserted in the Sixth Objection shall be deemed a separate order with respect to each affected claim.

## OMNIBUS OBJECTION

21.    Bankruptcy Rule 3007(f) provides that:

[t]he finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

22.    In accordance with Local Rule 3007-1, each Claimant is being served with a copy of this Objection and Exhibit A and B hereto.  Exhibit A consists of a Proposed Order and appends Schedule 1, which includes the respective Claim or Claims subject to this Objection. Exhibit B consists of a copy of the Claim or Claims subject to this Objection.

23.     Schedule 1 to Exhibit A sets forth for each Disputed Claim, the (a) assigned claim number of each claim; (b) name of the creditor; (c) name of the Debtor against whom the claim was asserted; (d) amount of the claim filed; (e) proposed general unsecured amount of the claim; (f) proposed treatment of the claim; and (g) basis for the objection and treatment of the claim.

24.     Each claimant receiving this Objection should review Schedule 1 to Exhibit A to locate its name to determine the nature of the Debtors' objection and the relief that it is seeking.

## NOTICE

25.     Notice of this Fifth Objection will be given to: (i) the claimants listed on Schedule 1 to Exhibit A; (ii) Counsel to the Committee and (iii) the Office of the U.S. Trustee. The Debtors submit that no other or further notice need be given.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court: (i) grant this Objection; (ii) enter an order substantially in the form annexed hereto as Exhibit A, which seeks the disallowance of each Claim listed on and in accordance with Schedule 1 to Exhibit A; and (iii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         October 29, 2020

**ZEICHNER ELLMAN & KRAUSE LLP**

*/s/ Nathan Schwed*

Nathan Schwed
Peter Janovsky
Robert Guttmann
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 2230400
Facsimile: (212) 753-0396

*Counsel to the Debtors and Debtors in Possession*

4827-3629-5120, v. 1