UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| In re:<br><br>SEASONS CORPORATE LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 18-45284 (NHL)<br><br>(Jointly Administered) |
| --- | --- |

---------------------------------------------------------------------x

**DECLARATION OF IVETTE MALAVE IN OPPOSITION TO THE DEBTORS' FIFTH OMNIBUS OBJECTION SEEKING TO DISALLOW CERTAIN UNSCURED CLAIMS FILED AGAINST THE DEBTORS**

**IVETTE MALAVE** declares under 28 U.S.C. §1746, as follows:

1. I am employed by Krasdale Foods Inc. ("Krasdale") as a credit and collections manager. I have been employed by Krasdale for the past twenty (20) years, working in their credit and collections department.

2. My title at Krasdale is "Credit and Collections Manager" and my duties include, among other things, collecting money due on outstanding receivables as well as creating and/or maintaining records and files relating thereto. In addition, in my capacity at Krasdale, I am familiar with the delivery and invoicing processes, and the business records created thereby, which I also maintain in connection with my collection duties.

3. I submit this declaration in opposition to the Debtors' Fifth Omnibus Claims Objection Motion Seeking to Disallow Certain Unsecured Claims Filed Against the Debtors (the "Claims Motion"), by which the Debtors seek to reduce and/or entirely disallow Krasdale's claims purportedly because a Reconciliation[2] of the Debtors' books and records allegedly failed to

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of their federal tax identification numbers, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895), Seasons Property Management LLC (2672), and Seasons Corporate LLC (2266) (collectively, the "Debtors").

[2] Capitalized terms not defined herein have the same meaning ascribed to them in the Motion.

uncover supporting documentation for Krasdale's claims.

**THE BUSINESS OF KRASDALE**

4. Founded in 1908, Krasdale is one of the premier grocery distributors in the New York-metropolitan area. Krasdale serves over 2,500 independent grocery locations.

5. In addition to distribution, for a small fee Krasdale offers merchandising and marketing services through an affiliated entity, Alpha I Marketing, and also maintains a Central Billing Program (the "CBP") for its customers.

**KRASDALE'S BUSINESS RECORDS**

6. As a Credit and Collections Manager, I am familiar with the business practices of Krasdale as it relates to (i) the distribution of product, (ii) merchandising and marketing, and (iii) Krasdale's CBP.

7. All of the records referred to herein and annexed hereto were made at or about the time of the transactions in question, and were made by or based upon information transmitted by a person with knowledge at or near the time of the transactions.

8. All of the records referred to herein and annexed hereto were and are kept in the course of Krasdale's regularly conducted business activities, and it was and is Krasdale's regular practice to make and/or maintain those records.

**I. Distribution Records**

9. Krasdale distributes grocery, dairy, and frozen merchandise directly to Krasdale's customer base. All invoices are created and billed to the customers directly through Krasdale's consolidated statement of account (the "Account Statement"), which is sent electronically to Krasdale's customers on a weekly basis. In addition, Krasdale maintains copies of driver delivery sheets signed by each of Krasdale's driver and customer upon delivery, by which product

deliveries are recorded. Krasdale is responsible for and charged with collection of all amounts due under each Account Statement.

## II. Marketing and Merchandising Invoices

10. Krasdale charges a small weekly fee to its customers for Krasdale's marketing and merchandising services (performed by Krasdale's affiliate, Alpha I Marketing). Each week, Krasdale sends its invoices to its customers for Krasdale's advertising services, and Krasdale maintains copies of those invoices. Moreover, those invoices are reflected on each Account Statement.

## III. The CBP

11. Krasdale provides collection services, through Krasdale's CBP, on behalf of third-party suppliers who sell merchandise to Krasdale's customers. Under the CBP, a customer places its order directly with the vendor and the vendor creates an invoice that is signed by the customer at the time of product delivery. The vendor then submits its file to Krasdale, and Krasdale bills the customer. The invoices that are provided by the third-party supplier are also reflected on each Account Statement.[3] Once Krasdale collects the sums due, Krasdale pays the supplier in accordance with agreed-upon terms.

## KRASDALE'S CLAIMS AND THE DEBTORS' OBJECTIONS

12. On or about May 28, 2019, Krasdale filed or caused to be filed six (6) separate proofs of claim against six (6) of the Debtors, as follows: (i) Blue Gold Equities LLC ("Blue Gold") in the sum of $40,818.86; (ii) Amsterdam Avenue Market LLC ("Amsterdam Avenue") in the sum of $5,270.17; (iii) Seasons Lakewood LLC ("Seasons Lakewood") in the sum of $22,232.41; (iv)

[3] Krasdale does not, however, receive or maintain copies of the actual invoices sent by the third-party suppliers. Rather, the third-party suppliers send Krasdale a file to download into Krasdale's computer system, which file reflects the invoice number and amount(s) due for each sale.

Central Avenue Market LLC ("Central Avenue") in the sum of $73,328.36; (v) Seasons Clifton LLC ("Seasons Clifton") in the sum of $28,259.43; and (vi) Seasons Maryland LLC ("Seasons Maryland") in the sum of $25,975.53.[4]

13. The Debtors' Motion seeks to disallow all but Krasdale's $73,328.36 claim against Central Avenue, which claim the Debtors propose to reduce and allow in the sum of only $49,180.28.

14. For the reasons set forth below, and as reflected in the annexed exhibits, Krasdale's claims should be allowed in the full amount of each claim, as filed, and the Motion should be denied in its entirety.

## I. The Blue Gold Claim (C31)

15. Collectively annexed hereto as **Exhibit 1** are true and accurate copies of Krasdale's business records pertaining to Blue Gold, which records reflect the delivery of product and advertising services, with a total due of $40,818.86. That $40,818.86 sum remains unpaid, and is still rightfully due and owing from Blue Gold.

16. The Account Statement included in **Exhibit 1** annexed hereto was electronically transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied, including Mayer Gold.

## II. The Amsterdam Avenue Claim (C19)

17. Collectively annexed hereto as **Exhibit 2** are true and accurate copies of Krasdale's business records pertaining to Amsterdam Avenue, which records reflect the delivery of product and advertising services, with a total due of $5,270.17. That $5,270.17 sum remains unpaid, and

---

[4] The Krasdale claims that are the subject of the Debtors' Motion are listed in the Debtors' Schedule 1 to Exhibit A, and identified therein on p. 2 as Claim Nos. C31, C19, C34, C18, C30 and C15.

is still rightfully due and owing from Amsterdam Avenue.

18. The Account Statement included in **Exhibit 2** annexed hereto was electronically transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied, including Mayer Gold.

## III. The Seasons Lakewood Claim (C34)

19. Collectively annexed hereto as **Exhibit 3** are true and accurate copies of Krasdale's business records pertaining to Seasons Lakewood, which records reflect the delivery of product and advertising services, with a total due of $22,232.41.[5] That $22,232.41 sum remains unpaid, and is still rightfully due and owing from Seasons Lakewood.

20. The Account Statement included in **Exhibit 3** annexed hereto was electronically transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied, including Mayer Gold.

## IV. The Central Avenue Claim (C18)

21. Collectively annexed hereto as **Exhibit 4** are true and accurate copies of Krasdale's business records pertaining to Central Avenue, which records reflect the delivery of product and advertising services, with a total due of $73,328.36.[6] That $73,328.36 sum remains unpaid, and is still rightfully due and owing from Central Avenue.

22. The Account Statement included in **Exhibit 4** annexed hereto was electronically

[5] An additional $30.00 charge was incurred by virtue of a Seasons Lakewood check that was returned for insufficient funds. That charge is reflected on the Account Statement for Seasons Lakewood.

[6] Two additional $30.00 charges were incurred by virtue of two Central Avenue checks that were returned for insufficient funds. Those charges are reflected on the Account Statement for Central Avenue.

transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied, including Mayer Gold.

## V. The Seasons Clifton Claim (C30)

23. Collectively annexed hereto as **Exhibit 5** are true and accurate copies of Krasdale's business records pertaining to Seasons Clifton, which records reflect the delivery of product and advertising services, with a total due of $28,259.43.[7] That $28,259.43 sum remains unpaid, and is still rightfully due and owing from Seasons Clifton.

24. The Account Statement included in **Exhibit 5** annexed hereto was electronically transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied, including Mayer Gold.

## VI. The Seasons Maryland Claim (C15)

25. Collectively annexed hereto as **Exhibit 6** are true and accurate copies of Krasdale's business records pertaining to Seasons Maryland, which records reflect the delivery of product and advertising services, with a total due of $25,975.53.[8] That $25,975.53 sum remains unpaid, and is still rightfully due and owing from Seasons Maryland.

26. The Account Statement included in **Exhibit 6** annexed hereto was electronically transmitted to one or more of Shani Neuman, Rivka Yakubov, and/or Tehila Safer, the Debtors' bookkeeping employees. In addition, the owners and/or managers of the Debtors were also copied,

---

[7] An additional $30.00 charge was incurred by virtue of a Seasons Clifton check that was returned for insufficient funds. That charge is reflected on the Account Statement for Seasons Clifton.

[8] An additional charge was incurred by virtue of a Seasons Maryland check that was returned for insufficient funds. That charge is reflected on the Account Statement for Seasons Maryland.

including Mayer Gold.

**CONCLUSION**

27. Based on the foregoing, Krasdale's claims should be allowed in the full amount of each claim, as filed, and the Motion should be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2020.

Ivette Malave