> YOU ARE RECEIVING THE ENCLOSED DOCUMENTS BECAUSE THE CAPTIONED DEBTORS, SEASONS CORPORATE LLC, ET AL., ARE OBJECTING TO YOUR PROOF OF CLAIM FOR THE REASONS DESCRIBED IN THE ENCLOSED OBJECTION.  YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE DISALLOWED OR RECLASSIFIED AS PROVIDED THEREIN.  YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION

Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Counsel to the Debtors and Debtors in Possession*

Hearing Date:  Dec.1, 2020
Time:  3:00 p.m.

Objections Due: Nov. 24, 2020
Time: 5:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No.:   18-45284 (nhl) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF HEARING ON DEBTORS' SIXTH OMNIBUS OBJECTION SEEKING TO DISALLOW CERTAIN UNSECURED CLAIMS FILED AGAINST THE DEBTORS

---

[1]  The Debtors in these Chapter 11 cases, together with the last four digits of their federal tax identification numbers, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895), Seasons Property Management LLC (2672) and Seasons Corporate LLC (2266) (collectively the "Debtors").

**PLEASE TAKE NOTICE**, that upon the Sixth Omnibus Objection Seeking To Disallow Certain Unsecured Claims filed Against the Debtors (the "Sixth Objection"), Seasons Corporate LLC and its affiliates, as debtors and debtors in possession (the "Debtors"), by and through their attorneys, Zeichner Ellman & Krause LLP, will move at a hearing to be held remotely before the Honorable Nancy H. Lord, United States Bankruptcy Judge, on December 1, 2020 at 3:00 p.m. (the "Hearing") on the Sixth Omnibus Objection to claims that are (i) duplicate and/or have been amended; (ii) satisfied, assumed and/or cured, (iii) not reflected in the Debtor's books and records, or (iv) reduced (collectively, the "Disputed Claims") as set forth in Schedule 1 to the Proposed Order attached as **Exhibit A** to the Omnibus Objection. A copy of the Sixth Objection and all Exhibits, including the Proposed Order and Schedule 1, is enclosed with this Notice.

**PLEASE TAKE FURTHER NOTICE** that anyone wishing to participate in the Hearing shall comply with the following instructions:

1. Dial in Number 888-363-4734
2. Access Code – 4702754
3. Announce who you are each time before speaking
4. Avoid the use of a speaker phone (use a landline if possible)
5. All persons not speaking should mute their phones
6. Speak up and enunciate so that you can be heard and understood.

**PLEASE TAKE FURTHER NOTICE,** that responses, if any, to the relief requested in the Sixth Objection must be: (i) electronically filed with the Bankruptcy Court; and (ii) emailed to nschwed@zeklaw.com, knash@gwfglaw.com and

Rachel.Wolf@usdoj.gov so as to be received no later than 5:00 p.m. **on November 24, 2020**.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE,** that you need not appear at the Hearing if you do not object to the relief requested in the Sixth Objection.

Dated:    New York, New York
         October 29, 2020

          **ZEICHNER ELLMAN & KRAUSE LLP**

          */s/ Nathan Schwed*
          Nathan Schwed
          Peter Janovsky
          Robert Guttmann
          1211 Avenue of the Americas
          New York, New York 10036
          Telephone: (212) 2230400
          Facsimile: (212) 753-0396

          *Counsel to the Debtors and Debtors in Possession*

4851-5281-6080, v. 1

<table>
<tr><td>

YOU ARE RECEIVING THE ENCLOSED DOCUMENTS BECAUSE THE CAPTIONED DEBTORS, SEASONS CORPORATE LLC, ET AL., ARE OBJECTING TO YOUR PROOF OF CLAIM.  TO LOCATE YOUR CLAIM, REFER TO SCHEDULE 1 TO EXHIBIT A TO THE OBJECTION. A COPY OF THE PROOF OF CLAIM IS ATTACHED AS EXHIBIT B TO THE OBJECTION

</td></tr>
</table>

Nathan Schwed, Esq.       Hearing Date: Dec. 1, 2020
Peter Janovsky, Esq.        Time: 3:00 p.m.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas     Objections Due:  Nov. 24. 2020
New York, New York 10036     Time: 5:00 p.m.
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No.:   18-45284 (nhl) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' SIXTH OMNIBUS OBJECTION: TO UNSECURED CLAIMS FILED AGAINST THE DEBTORS THAT ARE AMENDED OR DUPLICATE, SATISFIED, NOT REFLECTED IN THE DEBTORS' BOOKS AND RECORDS, OR REDUCED**

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of their federal tax identification numbers, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895), Seasons Property Management LLC (2672) and Seasons Corporate LLC (2266) (collectively the "Debtors").

TO:    **HONORABLE NANCY H. LORD,**
       **UNITED STATES BANKRUPTCY JUDGE:**

Seasons Corporate LLC and its affiliates, as debtors and debtors in possession (the "Debtors"), by and through their attorneys, Zeichner Ellman & Krause LLP, respectfully submit this Sixth omnibus objection to certain unsecured claims (the "Sixth Objection") pursuant to Sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging certain amended and/or duplicate claims (the "Duplicate Claims"); (ii) disallowing and expunging certain claims that have been satisfied, assumed and/or cured (the "Satisfied Claims"); (iii) disallowing and expunging claims not reflected in the Debtors' books and records (the "Records Claims"), or (iv) reducing certain claims (the "Reduced Claims" and, together with the Duplicate Claims, the Satisfied Claims and the Records Claims, the "Disputed Claims"), and in support of this Sixth Objection, the Debtors respectfully state:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.    Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief requested in this Objection are Bankruptcy Code §§ 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1.

## **BACKGROUND**

4.     On September 16, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.[2]  The Debtors operated a chain of kosher supermarkets in New York, New Jersey and Maryland under the "Seasons" name.

5.     On September 18, 2018, the Court entered an Order granting the Debtors' motion for joint administration of their cases and designated Seasons Corporate LLC (18-45284) as the lead case. [Dkt. 19].

6.     The Debtors continue to be in possession of their assets and to manage their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.     On September 26, 2018, the United States Trustee appointed a Committee of Unsecured Creditors (the "Committee") for the Debtors.

8.     Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the

---

[2]   On November 14, 2018, Seasons Property Management LLC filed its voluntary petition.

filing of their bankruptcy cases, is set forth in detail in the Amended Declaration of Joel Getzler filed in the Seasons Corporate LLC case [Dkt. 34].

9.      On April 16, 2019, the Court entered an Order Establishing Deadlines for Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"), which stated in part:

> ORDERED, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), against the Debtors that arose prior to the filing of this Chapter 11 petition on September 16, 2018, shall file a proof of such claim in writing so that it is received **no later** than **5:00 p.m. on June 7, 2019 (the "Bar Date")**.

[Dkt. 310].

10.      No trustee or examiner has been appointed in any of the Debtors' Chapter 11 Cases.

## **RELIEF REQUESTED**

11.      By this Sixth Objection, and for the reasons described more fully below, the Debtors object to each of the Disputed Claims pursuant to Sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BASIS FOR THE RELIEF REQUESTED

12.     Bankruptcy Code § 502 provides that a debtor may object to the allowance of a proof of claim filed under Bankruptcy Code § 501.

13.     Moreover, Bankruptcy Rule 3007(a) states that:

> [a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing.

14.     As set forth in Bankruptcy Rule 3001(f), a properly-executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under Bankruptcy Code Section 502(a). *See In re Marian T. Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13 (Bankr. S.D.N.Y. 2000).

15.     To receive the benefit of *prima facie* validity, however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (citations omitted).

16.     A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts filed in the claim. *See In re Waterman Steamship Corp.*, 200 B.R. 770, 774-75 (Bankr. S.D.N.Y. 1996). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No.

02-13533, 2005 WL 3832065 at *4 (Bankr. S.D.N.Y. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997) ("The claimant must prove the claim, not sit back while the objector attempts to disprove it.") (citations omitted).

## OBJECTIONS TO CLAIMS

17.     The Debtors are required, under Bankruptcy Code § 704(a)(4), to examine proofs of claim and object to the allowance of any proof of claim that is improper. In furtherance of these duties, prior to this Objection and since the Bar Date, the Debtors' professionals, in conjunction with the Committee's professionals, have examined, analyzed and reconciled the Claims and any supporting documents as maintained by Omni Management Group, Inc., the Court appointed claims agent ("Omni"), against the Debtors' books and records (the "Reconciliation").  The Reconciliation determined that the Disputed Claims set forth on Schedule 1 to Exhibit A should be disallowed or reduced as follows:

(a)     Amended and/or Duplicative Claims.  Certain Disputed Claims were similar, or in most cases, identical to others filed by the same claimant, and/or were claims later amended based on the same asserted amounts. *See, e.g., In re Handy Andy Home Improvement Ctrs., Inc.,* 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("it is axiomatic that one cannot recover for the same debt twice"). The Duplicative Claims on Schedule 1 to Exhibit A will be disallowed, with one remaining claim allowed, subject to further review and possible objection on other grounds.

(b)    <u>Satisfied, Assumed and Cured Claims</u>: Certain Disputed Claims were satisfied, assumed, and/or cured and will therefore be disallowed. The Satisfied Claims on Schedule 1 to Exhibit A will be disallowed.

(c)    <u>Claims not reflected on the Debtors' books and records</u>: The Reconciliation also showed certain claims were not reflected in the review of the Debtors' books and records. The "Records Claims" on Schedule 1 to Exhibit A will be disallowed.

(d)    <u>Claims allowed in a reduced amount</u>: The Reconciliation also showed certain claims should be reduced to a lower amount than in the filed Proof of Claim. The Reduced Claims on Schedule 1 to Exhibit A will be reduced to the amount set forth in the column under the heading "Proposed General Unsecured Amount."

18.    Schedule 1 to Exhibit A also includes a column identifying the claims, if any, remaining on file after the actions taken above.

## **RESERVATION OF RIGHTS**

19.    Without limiting the generality of the foregoing, the Debtors specifically reserve the right to amend this Sixth Objection, file additional papers in support of this Sixth Objection or take other appropriate actions, including to: (i) respond to any allegation or defense that may be raised in a response filed by or on behalf of the claimants or other interested parties; and/or (ii) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation;

and/or (iii) object further to any of the Disputed Claims based on additional information that may be discovered upon further review by the Debtors or through discovery pursuant to the Bankruptcy Rules.

## SEPARATE CONTESTED MATTER

20.     To the extent that a response is filed regarding any Disputed Claim identified in Schedule 1 to Exhibit A, and the Debtors are unable to otherwise resolve the claim, each such claim, and the objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding any individual objection asserted in the Sixth Objection shall be deemed a separate order with respect to each affected claim.

## OMNIBUS OBJECTION

21.     Bankruptcy Rule 3007(f) provides that:

> [t]he finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

22.     In accordance with Local Rule 3007-1, each Claimant is being served with a copy of this Objection and Exhibit A and B hereto. Exhibit A consists of a Proposed Order and appends Schedule 1, which includes the respective Claim or Claims subject to this Objection. Exhibit B consists of a copy of the Claim or Claims subject to this Objection.

23.     Schedule 1 to Exhibit A sets forth for each Disputed Claim, the (a) assigned claim number of each claim; (b) name of the creditor; (c) name of the Debtor against whom the claim was asserted; (d) amount of the claim filed; (e) proposed general unsecured amount of the claim; (f) proposed treatment of the claim; and (g) basis for the objection and treatment of the claim.

24.     Each claimant receiving this Objection should review Schedule 1 to Exhibit A to locate its name to determine the nature of the Debtors' objection and the relief that it is seeking.

### NOTICE

25.     Notice of this Sixth Objection will be given to: (i) the claimants listed on Schedule 1 to Exhibit A; (ii) Counsel to the Committee and (iii) the Office of the U.S. Trustee. The Debtors submit that no other or further notice need be given.

### NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) grant this Objection; (ii) enter an order substantially in the form annexed hereto as Exhibit A, which seeks the disallowance of each Claim listed on and in accordance with Schedule 1 to Exhibit A; and (iii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 29, 2020

**ZEICHNER ELLMAN & KRAUSE LLP**

*/s/ Nathan Schwed*
Nathan Schwed
Peter Janovsky
Robert Guttmann
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 2230400
Facsimile: (212) 753-0396

*Counsel to the Debtors and Debtors in Possession*

4813-2852-9360, v. 1

# EXHIBIT A

Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

This Order relates to a hearing
held on _____

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No.:   18-45284 (nhl) |
| Debtors.[1] | Jointly Administered |

### ORDER SUSTAINING DEBTORS' SIXTH OMNIBUS OBJECTION: TO UNSECURED CLAIMS FILED AGAINST THE DEBTORS THAT ARE AMENDED OR DUPLICATE, SATISFIED, NOT REFLECTED IN THE DEBTORS' BOOKS AND RECORDS, OR REDUCED

Upon the Debtors' Sixth Omnibus Objection to Claims (the "Sixth

Objection")[2] that are (i) duplicate  and/or have been amended (the "Duplicate Claims");

---

[1]   The Debtors in these Chapter 11 cases, together with the last four digits of their federal tax identification numbers, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895), Seasons Property Management LLC (2672) and Seasons Corporate LLC (2266) (collectively the "Debtors").

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sixth Objection.

(ii) satisfied, assumed and/or cured (the "Satisfied Claims"), (iii) not reflected in the Debtor's books and records (the "Records Claims"), or (iv) reduced (the "Reduced Claims" and, together with the Duplicate Claims, the Satisfied Claims and the Records Claims, the "Disputed Claims"), and the Court having jurisdiction to consider the Sixth Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Sixth Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Sixth Objection having been provided, and no other or further notice of the Sixth Objection being necessary; and the Court having considered the Sixth Objection, and any responses thereto; and it appearing that the relief requested therein is in the best interests of the Debtors and their estates, creditors, and all other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Sixth Objection is granted to the extent provided herein.

2. The Claims listed on Schedule 1 hereto as "Amended" or "Duplicate" in the column under the heading "Basis for Objection," are disallowed and expunged in their entirety; *provided however*, that the relief granted herein shall have no effect on the surviving claim listed under the heading "Basis for Objection."

3. The Claims listed on Schedule 1 hereto as "Assumed and Cured and/or Paid" in the column under the heading "Basis for Objection" are disallowed and expunged in their entirety.

5. The Claims listed on Schedule 1 hereto as "Books and Records" in the column under the heading "Basis for Objection" are disallowed and expunged in their entirety.

6. The Claims listed on Schedule 1 hereto as "Reduced" in the column under the heading "Basis for Objection" are reduced to the amount set forth in the column under the heading "Proposed General Unsecured Amount."

8. The Clerk's Office is authorized and directed to modify the official claims registry for the Debtors, as appropriate, in compliance with the terms of this Order.

9. Each Disputed Claim and the objections filed by the Debtors to such claim, as addressed in the Sixth Objection and as set forth on Schedule 1 hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.

10. This Order shall be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Sixth Objection or this Order.

10. The terms and conditions of this Order are effective immediately upon entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4837-5814-5232, v. 1

Case 1-18-45284-nhl    Doc 436-2    Filed 10/30/20    Entered 10/30/20 14:33:57

SEASONS CORPORATE, ET AL.

CASE NO. 18-45284 (JOINTLY ADMINISTERED)

NON-SUBSTANTIVE OMNIBUS OBJECTION TO UNSECURED CLAIMS

| Claim No. | Creditor | Debtor | Filed General Unsecured Amount | Proposed General Unsecured Amount | Proposed Treatment | Basis for Objection |
|---|---|---|---|---|---|---|
| C142 | Public Service Truck Renting Inc. | Central Avenue Market LLC | $33,000.16 | | | Truck lease - assumed; Debtor does not have equipment |
| C31 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C22 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C8 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C136 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C27 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C49 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C30 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C41 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C20 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C20 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C25 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C6 | Quality Glatt Corp | Seasons Corporate | $660,909.29 | $0.00 | Disallow | Duplicate of claim 43 |
| C29 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C20 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C7 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C134 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C26 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C46 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C28 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C40 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C18 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C19 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C24 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C4 | Quality Glatt Corp | Seasons Corporate | $240,594.03 | $0.00 | Disallow | Duplicate of claim 40 |
| C28 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C19 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C6 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C133 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C25 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C43 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C26 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C38 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C15 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C16 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C21 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C3 | Quality Glatt Corp | Seasons Corporate | $457,372.35 | $0.00 | Disallow | Duplicate of claim 39 |
| C39 | Rafael Kohn/RT Direct Distributors | Seasons Corporate | $14,619.60 | $0.00 | Disallow | Amended by claim 106 |

SEASONS CORPORATE, ET AL.
CASE NO. 18-45284 (JOINTLY ADMINISTERED)
NON-SUBSTANTIVE OMNIBUS OBJECTION TO UNSECURED CLAIMS

| Claim No. | Creditor | Debtor | Filed General Unsecured Amount | Proposed General Unsecured Amount | Proposed Treatment | Basis for Objection |
|---|---|---|---|---|---|---|
| C20 | Ritz Flooring, Inc. | Seasons Maryland LLC | $31,990.48 | $19,220.49 | Reduce and allow | POC double counts amounts |
| C38 | RPE LLC | Blue Gold Equities LLC | $108,262.76 | $0.00 | Disallow | Duplicate of claim 22 |
| C31 | S & L Paper Corp | Wilmot Road Market LLC | $18,438.35 | $0.00 | Disallow | Duplicate of claim 25 |
| C18 | Same Day Delivery, Inc. | Amsterdam Avenue Market LLC | $41,548.53 | $0.00 | Disallow | Duplicate of claim 40 |
| C29 | Same Day Delivery, Inc. | Seasons Clifton LLC | $7,147.39 | $0.00 | Disallow | Duplicate of claim 40 |
| C9 | Same Day Delivery, Inc. | Upper West Side Supermarket LLC | $41,548.53 | $0.00 | Disallow | Duplicate of claim 40 |
| C35 | Shlomies Heimish Corp | Blue Gold Equities LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C24 | Shlomies Heimish Corp | Amsterdam Avenue Market LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C15 | Shlomies Heimish Corp | Lawrence Supermarket LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C129 | Shlomies Heimish Corp | Seasons Corporate | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C21 | Shlomies Heimish Corp | Wilmot Road Market LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C41 | Shlomies Heimish Corp | Seasons Lakewood LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C23 | Shlomies Heimish Corp | Central Avenue Market LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C36 | Shlomies Heimish Corp | Seasons Clifton LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 2 |
| C12 | Shlomies Heimish Corp | Upper West Side Supermarket LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 14 |
| C15 | Shlomies Heimish Corp | Seasons Express Inwood LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 14 |
| C18 | Shlomies Heimish Corp | Seasons Maryland LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim 14 |
| C24 | Super Sol Ltd. | Seasons Corporate | $32,653.97 | $0.00 | Disallow | Duplicate of claim 14 |
| C38 | Super Sol, Ltd. | Seasons Corporate | $32,653.97 | $0.00 | Disallow | Duplicate of claim 14 |
| C27 | Super Sol, Ltd. | Seasons Corporate | $32,653.97 | $0.00 | Disallow | Duplicate of claim 14 |
| C18 | Super Sol, Ltd. | Seasons Corporate | $32,653.97 | $0.00 | Disallow | Duplicate of claim 14 |
| C25 | Super Sol, Ltd. | Seasons Corporate | $32,653.97 | $0.00 | Disallow | Duplicate of claim 14 |
| C30 | Tamaz Jin | Blue Gold Equities LLC | $500,000.00 | $0.00 | Disallow | Claim limited to insurance proceeds |
| C108 | Tamaz Jin | Seasons Corporate | $500,000.00 | $0.00 | Disallow | Duplicate of claim 30 |
| C109 | Tamaz Jin | Seasons Corporate | $500,000.00 | $0.00 | Disallow | Duplicate of claim 30 |
| C104 | The C.E.G. Company | Seasons Corporate | $566,623.01 | $0.00 | Disallow | Duplicate of claim 8 |
| C8 | The C.E.G. Company | Upper West Side Supermarket LLC | $566,623.01 | $0.00 | Disallow | Assumed and cured |
| C160 | The Jewish Press | Seasons Corporate | $20,000.00 | $2,726.10 | Disallow | No support attached to claim, late filed |
| C36 | Whitey Produce Co Inc | Seasons Corporate | $19,045.78 | $0.00 | Disallow | Paid pursuant to PACA motion |
| C9 | Zachary Richards | Seasons Maryland LLC | $28,539.40 | $0.00 | Disallow | Employee expenses, paid pursuant to first day motion |
| C4 | Zalmen Berkovitz | Seasons Cleveland LLC | $335,474.67 | $0.00 | Disallow | Duplicate of claim #2 - Heimsh Corp |

# **EXHIBIT B**

Fill in this information to identify the case:

Debtor 1    **Seasons Property Management LLC**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number   **18-46618**

**FILED**

**JUN 06 2019**

By Rust / Omni, Claims Agent
For U.S. Bankruptcy Court
Eastern District of New York

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

**Quality Glatt NJ Corp**
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**Quality Glatt c/o Isaac Nutovic**
Name

**261 Madison Avenue, 26th Floor**
Number   Street

**NY**      **NY**      **10016**
City      State      ZIP Code

Contact phone _____

Contact email **inutovic@nutovic.com**

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

6/8 -3

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

---

7. How much is the claim?    $ _____457,372.35 . **Does this amount include interest or other charges?**

          ☑ No

          ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

    Concession Agreement _____

---

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**                  $_____
    **Amount of the claim that is secured:**     $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**     $_____

    **Annual Interest Rate (when case was filed)_____%**
    ☐ Fixed
    ☐ Variable

---

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

---

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/04/2019
              MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Isaac Nutovic | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | | | |
| | Number   Street | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |